IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01574-CNS-MDB

COREY CURTIS FORBES,

     Plaintiff,

v.

 BEST BUY CO., INC.,

     Defendant.

---

**ORDER**

---

Plaintiff Corey Forbes objects to United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to grant Defendant Best Buy's motion for summary judgment. ECF No. 48 (Recommendation); ECF No. 49 (Objection).[1] The Court has analyzed Plaintiff's objections, and upon de novo review of the Recommendation, finds that the objections do not warrant modification or rejection of the Recommendation. Accordingly, the Court overrules Plaintiff's objections and affirms Magistrate Judge Dominguez Braswell's Recommendation as an order of this Court. Best Buy's motion for summary judgment is granted.

---

[1] Defendant responded to Plaintiff's objection. *See* ECF No. 51.

## I.     SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Dominguez Braswell recommends that this Court grant Best Buy's motion for summary judgment and dismiss your case. She determined that the record does not support a claim under either the Colorado Healthy Families and Workplaces Act or Colorado's Public Health Emergency Whistleblower Law because, even though you testified that you were sick between December 20–22, 2021, there is no evidence that you (a) communicated that information to Best Buy, (b) were approved to take sick leave when you were scheduled to work between December 20–22, 2021, (c) were retaliated against for taking sick leave, or (d) were retaliated against for raising any concerns about health or safety in the workplace. Without such evidence, Defendant is entitled to summary judgment.

You filed an objection to that Recommendation, essentially disagreeing with the facts Magistrate Judge Dominguez Braswell considered in reaching her determinations. After analyzing the arguments raised in your objection and performing a de novo review of the findings you challenge, the Court is overruling your objections and affirming Magistrate Judge Dominguez Braswell's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion.

## II.     BACKGROUND

### A.  General Background

Plaintiff is a former Best Buy employee. ECF No. 31, ¶ 2. In November 2021, Plaintiff took two weeks of paid time off (PTO), from November 14–27, 2025. *Id.*, ¶ 15;

2

ECF No. 31-1 (Forbes Dep.) at 66:18–20. Plaintiff reportedly began feeling sick around November 25, 2021, near the end of his PTO. ECF No. 31, ¶ 16. Consistent with Best Buy's sick leave policy, Plaintiff took and failed an online health screening questionnaire, and he soon received a COVID-19 testing kit from Everlywell, Best Buy's COVID-19 testing partner. *Id.*, ¶¶ 11, 17–18.

Plaintiff tested positive for COVID-19 on December 8, 2021. *Id.*, ¶¶ 22–23. Plaintiff received 80.08 hours of COVID-19 testing and sick pay, per Best Buy's policy.[2] *Id.*, ¶¶ 20, 24–25. Best Buy told Plaintiff that the earliest he could end isolation and return to work was 10 days after he tested positive, and because he tested positive on December 8, 2021, the earliest he could return to work was December 18, 2021. *Id.*, at ¶ 24.

### B. Plaintiff's Absences and Termination of Employment

Plaintiff argues that he was not scheduled to work from December 20–22, 2021, and was instead on approved sick leave and/or PTO during that time. ECF No. 37 at 5–7; ECF No. 35-1, ¶¶ 5–7, ECF No. 42, ¶ 6. Magistrate Judge Dominguez Braswell, however, correctly determined that the record does not support that assertion.

On December 14, 2021, Plaintiff's supervisor, Anthony Rugg, texted Plaintiff to inquire when Plaintiff would be returning to work. ECF No. 31-10 at 2. Mr. Rugg stated that Plaintiff could return to work once he was clear of symptoms, but he could also take more time off if needed. *Id.* at 3. Plaintiff responded the next day, indicating he would be clear of symptoms "this coming Monday," referring to December 20, 2021. *Id.* at 4. Mr.

---

[2] Best Buy employees who received a COVID-19 testing kit were given 40.04 hours of testing pay. Upon testing positive, employees were given an additional 40.04 hours of sick pay. ECF No. 31, ¶¶ 11–12.

Rugg therefore scheduled Plaintiff to work on December 20, 2021. *See* ECF No. 31-11 (December 2021 work schedule). Plaintiff could access his work schedule through Best Buy's online employee portal, and he would also receive text messages from his supervisors telling him when to report to work. ECF No. 31, ¶¶ 30–31. Plaintiff did not report to work on December 20, 2021—which was 25 days after his symptoms began and 12 days after he administered the positive COVID-19 test—nor did he inform Mr. Rugg that he would be absent. *Id.*, ¶¶ 33–35.

Plaintiff was also scheduled to work December 21, 2021, and he similarly did not report to work or inform Mr. Rugg that he would be absent. *Id.*, ¶¶ 36–39; ECF No. 31-11. When Mr. Rugg texted Plaintiff later that day, Plaintiff indicated he would report to work the next day—December 22, 2021. ECF No. 31-10 at 4. However, Plaintiff once again did not report to work or inform Mr. Rugg that he would be absent. ECF No. 31, ¶¶ 43–45. Instead, Plaintiff texted Mr. Rugg after his shift and informed him that he did not report to work because he learned that he had an outstanding arrest warrant for unpaid traffic tickets, so he drove to Sterling, Colorado, to take care of the warrant. ECF No. 31-10 at 5. Over the course of these three days, Plaintiff never indicated that COVID-19 or any other illness was the reason for his absence from work. ECF No. 31, ¶¶ 35, 39, 45.

Relying on its job abandonment policy, Best Buy terminated Plaintiff on December 22, 2021.[3] *Id.*, ¶ 54. Plaintiff sought review of his termination through Best Buy's

---

[3] Best Buy's attendance policy provides that an employee will be terminated for job abandonment if the "employee fails to follow the notification process and does not show up for 3 consecutive scheduled shifts." The notification process requires that, "[i]f an employee is unable to report to work for his/her shift and/or is unable to report to work on time for his/her shift, the employee must notify management at least one (1) hour prior to the start of the scheduled shift." ECF No. 31, ¶¶ 8–9; ECF No. 31-3.

termination review process, stating that "I had to miss coming in the morning because when I was sick I had Court and could not make it to[] court for my speeding tickets due to Covid. I had a warrant to clear and needed to take care of that." *Id*., ¶¶ 55–57. Best Buy upheld the decision to terminate Plaintiff. *Id*., ¶ 58.

### C. Procedural History

Plaintiff initiated this action on June 21, 2023, alleging that Best Buy fired him in retaliation for using paid sick leave. ECF No. 1 at 5. Plaintiff brings his claims under the Colorado Healthy Families and Workplaces Act (HFWA), Colo. Rev. Stat. § 8-13.3-401 *et seq*., and Colorado's Public Health Emergency Whistleblower Law (PHEW), Colo. Rev. Stat. § 8-14.4-101 *et seq*. *Id*. Best Buy filed its motion for summary judgment on June 20, 2024, arguing that it terminated Plaintiff for legitimate, nonretaliatory reasons unrelated to his use of paid sick leave. ECF No. 31 at 2. That same day, Plaintiff filed a motion for judgment as a matter of law, which was superseded by his motion for summary judgment. ECF Nos. 33, 35. The Court referred these motions to Magistrate Judge Dominguez Braswell for initial determination. ECF Nos. 32, 34, 36.

### D. Magistrate Judge Recommendation

Magistrate Judge Dominguez Braswell determined that Best Buy is entitled to summary judgment on Plaintiff's HFWA and PHEW claims. ECF No. 48 at 8–12. On the HFWA claim, Magistrate Judge Dominguez Braswell determined that the record does not support Plaintiff's claim that Best Buy counted paid sick leave as an absence. She explained that "there is no evidence that Plaintiff was actually on paid sick leave December 20–22, 2021. To the contrary, the undisputed evidence shows Plaintiff was

cleared to return to work on December 18, 2021, and agreed to return to work on December 20, 2021." *Id.* at 10. She next determined that no evidence exists to suggest that Best Buy terminated Plaintiff because he took COVID-19 sick leave between December 8 and 19, 2021. *Id.* ("It was Plaintiff himself who determined he could return to work on December 20, 2021, and when Plaintiff did not return to work, and did not communicate his reasons for failing to report to work, Defendant terminated him pursuant to the attendance policy, not because of the prior COVID-19 leave." (citations to record evidence omitted)).

Turning to Plaintiff's PHEW claim, Magistrate Judge Dominguez Braswell determined that Plaintiff did not engage in activity protected by PHEW. ECF No. 48 at 12. She explained that Plaintiff does not allege, nor does the record show, that Plaintiff raised a concern about, or opposed any alleged violations of, health or safety rules during his employment with Defendant. *Id.* She even found that Plaintiff agreed that Best Buy followed its sick leave policy and did not force Plaintiff to return to work before he was ready. *Id.*

For these reasons, Magistrate Judge Dominguez Braswell recommends granting Best Buy's motion for summary judgment on both of Plaintiff's claims.

### III.   LEGAL STANDARD

#### A.  Federal Rule of Civil Procedure 56

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotations and citation omitted); Fed. R. Civ. P. 56. The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

#### B.  Federal Rule of Civil Procedure 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—

7

factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting

its review, "[t]he district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."

Fed. R. Civ. P. 72(b)(3).

### C. *Pro Se* Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The

*Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The

court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d

925, 927 n.1 (10th Cir. 2008).

### IV.    ANALYSIS

Plaintiff presents three general objections to the Recommendation's factual

findings. He argues that Magistrate Judge Dominguez Braswell erred in determining that

(1) he needed to return to work 10 days after he administered the positive COVID-19 test,

not 14 days; (2) he was scheduled to work December 20, 21, and 22, 2021; and (3) his

text messages with his supervisor, Anthony Rugg, was the cause of his termination. ECF

No. 49 at 1–6. Upon de novo review of the facts presented on summary judgment, the

Court finds that Plaintiff's objections do not warrant modification or rejection of the

Recommendation.

Frist, Plaintiff disputes the date that Best Buy required him to return to work. He

argues that he had 14 days of sick leave starting December 8, 2021, not 10 days. ECF

No. 49 at 2. He argues that the "evidence shows Plaintiff was not on a work schedule
starting from November 29, 2021, through the Christmas holiday 12/25/2021. Therefore,
if not on a schedule Plaintiff could not and should not have been terminated for a no call
no show." ECF No. 49 at 2. The Court is not persuaded. The evidence shows that Best
Buy employees who tested positive for COVID-19 were not required to return to work until
at least 10 days after their symptoms first appeared and until they were symptom-free for
24 hours. ECF No. 31-18, ¶ 9. Moreover, the evidence clearly shows that Plaintiff was not
on paid sick leave from December 20–22, 2021. Rather, Plaintiff agreed to return to work
on December 20, 2021, and the work schedule reflected that he was assigned to work
those days. ECF Nos. 31-10, 31-11, 37-6, 31-10, 31-18. The Court overrules Plaintiff's
first objection.

Second, Plaintiff again argues that he was not scheduled to work on the days in
question—December 20–22, 2021. ECF No. 49 at 2–5. But the undisputed evidence
shows otherwise. ECF No. 31-11 (December 2021 work schedule); ECF No. 31-19 (Decl.
from Human Resources Business Partner). There simply is no evidence that he was on
approved sick leave or PTO during this three-day period.[4] The Court overrules Plaintiff's
second objection.

---

[4] On December 15, 2021, Mr. Rugg asked Plaintiff when he could return to work, based on his test results.
ECF No. 31-10 at 3. Plaintiff responded, "Im cleared this coming Monday sir. . . . I look forward to coming
back too work thank you sir." *Id.* at 3–4 (text messages copied verbatim from ECF No. 31-10). Then, on
December 21, 2021, Mr. Rugg wrote, "Good morning Corey, trying to get an idea of when you will be coming
back? You told me you were cleared yesterday so I expected you. Are you planning on being here this
week at all?" *Id.* at 4. Plaintiff responded, "Sir would Wednesday/tomorrow I'll be there." *Id.* Mr. Rugg
responded, "sounds good." *Id.* On December 22, 2021, at 2:11 p.m., Mr. Rugg wrote, "Hey Corey? Thought
you were coming in today?" *Id.* at 5. Plaintiff responded, "I'm changing and coming in now sir[.] I'm back in
springs. That was my intent at 7am. Sorry about not keeping you updated but I was so mad. my dad showed
me a warrant for myself. For that speeding ticket in stirling furious, just to drive back cause I'm not sitting in
jail. And been on the phone with a part time office clerk, waiting on the judge all day." *Id.* Mr. Rugg

Third, Plaintiff argues that Magistrate Judge Dominguez Braswell erred in determining that Plaintiff was terminated for cause. ECF No. 49 at 5–6. He apparently contends that the text message exchange with his supervisor, Mr. Rugg, in which he stated that he was cleared to return to work, and that he would report to work on three consecutive days, is not relevant to his termination. *See id.* He instead disputes whether he texted Kirstie Chavez on December 17, 2021. *Id.* The Court agrees with Best Buy that Plaintiff's text messages with his supervisor are relevant and speak for themselves. *See* ECF No. 31-10. The Court also fails to see how a text exchange with another Best Buy employee is relevant to whether Best Buy terminated Plaintiff for cause—especially when the facts show that Plaintiff was absent three days in a row and never told anyone at Best Buy that he was absent due to illness or COVID-19. Like the previous two objections, the Court overrules this one was well.

## V.   CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

(1)   Plaintiff's objection, ECF No. 49, is OVERRULED;

(2)   The Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 48, as an order of this Court;

(3)   Defendant's motion for summary judgment, ECF No. 31, is GRANTED;

(4)   Plaintiff's motion for summary judgment, ECF No. 35, is DENIED as MOOT;

---

responded, "Cory. Don't worry about coming in today. I needed you this morning." *Id.* At no point did Plaintiff mention that he was on leave. Had he believed he was on leave, presumably he would have said so. The Court agrees with Magistrate Judge Dominguez Braswell that, "[a]t best, the record reflects a disconnect between Plaintiff and Defendant as to whether Plaintiff was ready to return to work, but such confusion does not give rise to a claim of retaliation." ECF No. 49 at 11.

(5)    Plaintiff's motion for judgment as a matter of law, ECF No. 33, is DENIED as MOOT;

(6)    Defendant's unopposed motion for continuance of final pretrial conference, ECF No. 50, is DENIED as MOOT;

(7)    Plaintiff's case is dismissed; and

(8)    The Clerk of Court is directed to close this case.

DATED this 28th day of March 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

11