IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01574-CNS-MDB

COREY CURTIS FORBES,

    Plaintiff,

v.

 BEST BUY CO., INC.,

    Defendant.

## ORDER

On March 28, 2025, the Court granted Defendant Best Buy's motion for summary judgment, dismissed each of Plaintiff Corey Forbes's claims for relief, and entered final judgment in Defendant's favor. ECF Nos. 52–53. Plaintiff filed his notice of appeal on April 26, 2025. ECF No. 54. Since then, Plaintiff has filed seven post-judgment motions for this Court's consideration. ECF Nos. 60–61, 68–72.[1] The Court has thoroughly analyzed each motion and finds that none of Plaintiff's arguments warrant the relief he has requested. The Court thus denies each post-judgment motion.

---

[1] The Tenth Circuit abated Plaintiff's appeal after he filed his first and second motion to alter judgment. ECF No. 65.

##  I.   SUMMARY FOR *PRO SE* PLAINTIFF

After appealing this Court's order dismissing your case, you filed seven post-judgment motions under Federal Rules of Civil Procedure 59(e) and 60. After careful consideration of the arguments raised in your motions, many of which you repeat in each motion, the Court has determined that you are not entitled to post-judgment relief. The Court will explain why it is denying your motions below, including a discussion of the legal authority that supports its conclusions. The result of this order is a denial of each of your post-judgment motions.

## II.   BACKGROUND

The Court discussed this case's factual and procedural background in its March 28, 2025 order granting Defendant's motion for summary judgment. *See* ECF No. 52 at 2–6. As noted, Plaintiff appealed that decision and then filed seven post-judgment motions before this Court.

## III.   LEGAL STANDARD

Plaintiff moves to alter or amend the Court's judgment pursuant to Federal Rules of Civil Procedure 59(e), 60(a), 60(b), 60(d)(3).[2]

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." A Rule 59(e) motion to alter or amend the judgment should be granted only "'to correct manifest errors

---

[2] As a pro se plaintiff, the Court liberally construes his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

of law or to present newly discovered evidence.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)); *see also Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (explaining "restricted" bases for granting Rule 59(e) relief).

Federal Rule of Civil Procedure 60(a), titled "Corrections Based on Clerical Mistakes; Oversights and Omissions," permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."[3] Rule 60(a) "allows a court to correct 'what is erroneous because the thing spoke, written or recorded is not what the person intended to speak, write or record.'" *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1140, 1149 (D.N.M. 2021) (quoting *Allied Materials Corp. v. Superior Prods. Co., Inc.*, 620 F.2d 224, 226 (10th Cir. 1980)).

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party or its legal representative from a final judgment" based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). This relief should only be granted in

---

[3] Rule 60(a) also provides that, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." The Court assumes that the Tenth Circuit granted such leave when it abated Plaintiff's appeal "pending the district court's decision on the motions." ECF No. 65 at 1.

3

exceptional circumstances. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted).

Finally, Plaintiff invokes Federal Rule of Civil Procedure 60(d)(3), which permits a court to "set aside a judgment for fraud on the court."

## IV.   ANALYSIS

Plaintiff generally take a shotgun approach in his various post-judgment motions.[4] The Court addresses each argument advanced by Plaintiff in turn.

Plaintiff first argues that the Court's use of "Cause: 42:1983 Civil Rights (Employment Discrimination)" in the CM/ECF system violated his civil rights and resulted in an "unfair" judgment. ECF No. 60 at 2–3.[5] The nature of suit code assigned by the Clerk's Office, however, had no bearing on the Court's decision to grant Defendant's motion for summary judgment. Plaintiff does not, because he cannot, point to any reference in the Court's order, or in Magistrate Judge Dominguez Braswell's Recommendation, to 42 U.S.C. § 1983. Instead, the Court properly analyzed the two state statutes (Colorado Healthy Families and Workplaces Act (HFWA), Colo. Rev. Stat. § 8-

---

[4] Courts have summarized the "shotgun approach" as a tactic "which consists of spraying projectiles in as wide an area as possible in an effort to obtain one fatal blow." *Kohler v. Colvin*, No. CIV-16-0170 MCA/LAM, 2017 WL 3589217, at *8 (D.N.M. Jan. 18), *report and recommendation adopted sub nom. Kohler v. Berryhill*, No. CIV-16-0170 MCA/LAM, 2017 WL 3602035 (D.N.M. Mar. 6, 2017)

[5] Plaintiff repeats this arguments in each of his subsequent motions. ECF No. 61 at 2 ("Us District Court of Denver is not of a fair equal trial in the summary judgement process, the cause of action code represents Employment Title 42 Discrimination the Public Health and Welfare 42:1983. The actual selected cause filled by plaintiff is ("Colorado WARNING Rules") 7 CCR 1103-11 Rule 3.3.3, Here Plaintiff alleges in count one that he was damaged by the Us District Court's fraud upon the plaintiff when the court misled the civil procedure into believing that plaintiff cause was 42:1983 (Discrimination)."); ECF No. 68 at 2–5, 8 ("Plainiff[']s Rights were violated for reasons being under Cause 42:1983 did not grant the Civil Rights and laws to represent the plaintiff properly in addressing his Civil Rights during his case that was dismissed March 28th 2025."); ECF No. 69 at 2 ("Here plaintiff is alleges in count one that he was damaged by the Us District Court's fraud upon the plaintiff when the court misled the civil procedure into believing that plaintiff cause was 42:1983 (Discrimination)."); ECF No. 71 at 2 (same); ECF No. 72 at 2 (same).

13.3-401 *et seq*., and Colorado's Public Health Emergency Whistleblower Law (PHEW), Colo. Rev. Stat. § 8-14.4-101 *et seq*.) that Plaintiff asserted as a basis for his lawsuit. Moreover, Rule 60(a) is not an appropriate vehicle to address an alleged civil rights violation.[6] Relief under Rule 60(a) is limited to errors that are clerical or technical in nature, as opposed to substantive matters.

Related to the CM/ECF nature of suit argument, Plaintiff appears to argue that the Court should alter its judgment under Rule 60(b)(3) because of some purported fraud. ECF No. 61 at 2 (seeking relief under Rule 60(b)(3) because "the ultimate dismissal of his case was a violation of his constitutional rights in reference to fraud upon the courts by clerical error"). Setting aside that there was no violation of his constitutional rights, Rule 60(b)(3) addresses fraud, misrepresentation, or misconduct "by an opposing party." Fed. R. Civ. P. 60(b)(3). Plaintiff does not allege that Defendant had anything to do with the entry of the nature of suit code in the CM/ECF System.

Plaintiff next seeks to alter judgment under Rule 59(e). Plaintiff's motion, however, is untimely. "A motion to alter or amend a judgment" under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Judgment was entered on March 28, 2025, 43 days before Plaintiff filed his first of seven motions on May 10, 2025.

---

[6] Of course, there is no civil rights violation stemming from the Clerk of Court's nature of suit designation in CM/ECF, especially when the Court applied the correct statutory authorities to Plaintiff's claims in its order. *Yusong Gong v. Univ. of Michigan*, No. CV 16-14516, 2018 WL 7254249, at *2 (E.D. Mich. July 17, 2018) ("[Plaintiff] appears to believe that the Nature of Suit Code Description somehow impacts her complaint or her claims against the University in this case, but that is simply not the case. It is for recording keeping/statistical purposes for the Court. Simply stated, the Nature of Suit Code used in setting up the docket for this case does not impact Plaintiff's claims in this action, which are contained in her complaint.").

Plaintiff then argues that the Court "may have . . . overlooked or misinterpreted" certain information, including (1) an alleged agreement between Plaintiff and Defendant that "Plaintiff was to receive 14 days off from when the Covid 19 test was administered starting December 8th 2021"; (2) an alleged demotion prior to the termination of his employment, resulting in illegal retaliation; and (3) paystubs allegedly showing that his PTO was approved and that Defendant "fabricated" an Employee Relations document. ECF No. 61 at 5–7. Plaintiff has previously raised these arguments, and the Court did not find them persuasive. *See generally* ECF No. 52. Thus, even assuming that Plaintiff's Rule 59(e) request is timely, the Tenth Circuit has counseled that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotations and citations omitted)). Plaintiff cannot make this showing. Moreover, "Rule 60(b) is 'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

The same is true for Plaintiff's argument that "Plaintiff Never had any communication with Kirstie Chave[z] on December 17th 2021 . . . Ms., Kirstie Chave[z] was the only Witness on the ER (Employee relations) Report in December of 2021, and the admittance by Best Buy co. that this conversation between (Forbes) and (Chave[z]) never truly happened (Doc2 pg15of16 #12) shows undeniably that this whole ER case

6

report is told from fabricated evidence." ECF No. 61 at 6. The Court squarely addressed this issue in its March 28, 2025 order. ECF No. 52 at 10 (addressing Plaintiff's dispute over whether he texted Ms. Chavez on December 17, 2021, explaining that it failed to "see how a text exchange with [Ms. Chavez] is relevant to whether Best Buy terminated Plaintiff for cause—especially when the facts show that Plaintiff was absent three days in a row and never told anyone at Best Buy that he was absent due to illness or COVID-19"). Moreover, to prevail under Rule 60(b)(3), Plaintiff "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. In other words, they must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotations and citations omitted). Other than the vague and conclusory statement of "fabricated evidence," Plaintiff does nothing to substantiate his claim of fraud.

Plaintiff also repeatedly references Rule 60(b)(2), which relates to "newly discovered evidence," but he does not advance any substantive argument under that provision or identify any evidence that Plaintiff contends is newly discovered. *See generally* ECF No. 61.

In his third post-judgment motion, Plaintiff seeks to correct clerical errors—the errors related to the Clerk of Court's nature of suit designation that he challenged in his first two post-judgment motions. ECF No. 68. He contends that he is entitled to relief from judgment because these errors render the Court's judgment "void." *Id.* at 6 (moving for relief under Rule 60(b)(4) because, "due to these clerical errors that the District court lack subject matter jurisdiction, and personal jurisdiction over the plaintiff"). "A judgment is void

7

only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)). Plaintiff's argument lacks merit because the Clerk of Court's nature of suit designation in CM/ECF has no bearing on this Court's personal or subject-matter jurisdiction.

In his fourth, fifth, and sixth post-judgment motions, Plaintiff again argues that the purported "clerical errors" stripped this Court of personal and subject-matter jurisdiction. ECF No. 69; ECF No. 70 ("Plaintiff seeks relief from a clerical error on the Final Order that was sent over for review by Appellate Case # 25-1168" because the cover sheet included the incorrect nature of suit); ECF No. 71 ("The plaintiff was not in the correct jurisdiction due to an error and the courts did not have authority over Plaintiff's Subject matter jurisdiction due to this error of the courts under fraud 60(d)(3)"). In two of these motions, Plaintiff asserts that Rule 60(d)(3) provides him relief from judgment. Because there has been no "fraud on the court," Fed. R. Civ. P. 60(d)(3), the Court rejects Plaintiff's argument. And in the other motion, Plaintiff asserts Rule 60(b)(4) as grounds for relief. ECF No. 70 at 2. The Court has already explained why its judgment is not "void" merely because of the Clerk of Court's nature of suit designation.

Lastly, in his final post-judgment motion, Plaintiff repeats his argument that the Clerk of Court's clerical error in CM/ECF violated his substantive rights. ECF No. 72 at 1–2. He does not invoke any grounds for relief under Rules 59 or 60. Even if he had, the Court would not be persuaded for the all of reasons set forth above.

8

## V.  CONCLUSION

Consistent with the above analysis, the Court DENIES Plaintiff's post-judgment motions. ECF No. 60–61, 68–72. Pursuant to the Tenth Circuit's abatement order, the Clerk of Court is directed to supplement the appeal record in accordance with 10th Cir. R. 3.2(B).

DATED this 18th day of June 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge